UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTONIO BROWN,
  Plaintiff,

vs.

STATE OF OHIO, et al.,
  Defendants.

Case No. 1:17-cv-764

Dlott, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action against defendants "State of Ohio, a.k.a. Southern Ohio Correctional Facility" and numerous other SOCF officials alleging violations of Title II of the Americans with Disabilities Act (ADA) and violations of his constitutional rights under 42 U.S.C. § 1983. (Doc. 1-1, Complaint at PageID 4, 15). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, purports to bring this case as an "official capacity, class action suit" against defendants the State of Ohio, a.k.a. Southern Ohio Correctional Facility (SOCF) and others.[1] (Doc. 1-1, Complaint at PageID 4, 14). Plaintiff seeks to represent a class consisting of himself and two other SOCF inmates, Christopher Foster and Geovanny Pastranadavila. According to plaintiff "[a]ll three of us are the highest level mental health classification you can be in prison (C-Ones). Our Americans with Disability Act rights are being fully disregarded." (*Id.*).

The complaint contains separate sets of factual allegations concerning plaintiff, Foster, and Pastranadavila. With respect to Pastranadavila, the complaint alleges that following an altercation between Pastranadavila and another inmate, C.O. Hughes told Pastranadavila "you

---

[1] Plaintiff indicates "[t]he defendants are being sued as a class, including Ms. Davis, Cool (D.W.O.), Lt. Setty, Lt. Stone, John doe J-2 C.O.(s) of Oct. 12th, 2017 3rd shift, Sgt. Bear, Sgt. Smook, John doe C.O. of Sept. 8th 2nd shift, k-5, Monday 9th, Sept. J-4 C.O.'s (John doe(s)), Inspector, Sgt. Bear, Lt. Little, Lt. Melvin Smith, C.O. Porter, C.O. Hughes, C.O. Grooms, C.O. T-Parrish, C.O. Hockett (Alice), Warden, John doe 1st shift captain Sept. 22nd John doe, C.O. Crabtree (short guy around 32-37 yrs) worked J-2 Sept. 22nd and 23rd 2017, and any other supervisor found to have played any type of part in these acts plus Sgt. Dillow." (Doc. 1-1, Complaint at PageID 15).

3

are not in Puerto Rico anymore." (*Id.* at PageID 5). The complaint further alleges that Hughes and Porter subsequently attacked Pastranadavila and forged documents concerning the incident. (*Id.* at PageID 5–6).

The complaint next alleges that Foster was harassed by SOCF staff on September 22, 2017. (*Id.* at PageID 6). On that date, Sgt. Dillow allegedly sprayed Foster with mace and threatened to kill or seriously hurt him, after Foster allegedly refused to be transported to a non-wheelchair accessible unit. (*Id.* at PageID 7). Foster was allegedly transported against his will to the J-2 unit. During the course of the transfer, several SOCF officers allegedly threatened Foster and took his belongings. C.O. Crabtree then allegedly dispensed mace directly into Foster's eyes the following morning. After the attack, Foster was allegedly carried out of the unit and C.O. Grooms and Parrish destroyed his property, including his legal mail and documents, which caused Foster's appeal to be dismissed. (*Id.* at PageID 10). Finally, the complaint alleges that the prison is not permitting Foster to put money on his commissary account or providing him with envelopes. The prison is also allegedly interfering with his incoming mail, and he is unable to contact his attorney. (*Id.* at PageID 11).

With respect to plaintiff, the complaint includes allegations that SOCF officers have interfered with his ability to use the telephone, denied him medical treatment, and used excessive force against him. Specifically, plaintiff claims that on or about September 8, 2017, the chaplain told him "that my 'father' & 'grandfather' were killed, and my grandmother [was] in the hospital after being shot at the Las Vegas massacre." (*Id.* at PageID 11). According to plaintiff, "[t]he C.O.'s said they did not care and told the chaplain that I would not be allowed to call home." (*Id.*). Plaintiff alleges that he was denied phone access and mental health treatment for several

days, claiming that officers mocked him and "further replied they don't 'give a f***.'" (Id. at PageID 12).

Plaintiff next claims that he was housed in a cell with a non-working plumbing system and the feces of another inmate in the toilet. (Id. at PageID 13). He claims that he got in an argument with an unnamed officer which resulted in plaintiff being sprayed with mace. He claims "I darted to the toilet and began to loose (sic) my mind dumping the waste from the toilet towards the range." (Id.). Plaintiff claims that Lt. Setty and Lt. Stone began to "unload two entire mace cans on me in the cell." (Id.). Plaintiff claims he was not permitted to decontaminate and began to feel suicidal. Plaintiff claims that once on suicide watch, he experienced a seizure and began to bleed from his nose. (Id. at PageID 14). He alleges that he was still denied a shower with running water and was subsequently maced again by Sgt. Smook.

According to plaintiff, he has still not been given the opportunity to call home. Plaintiff further alleges that he has "been denied all mental health treatment, or medical because there is not even a physical injury doctor in this prison." (Id. at PageID 14).

For relief, plaintiff seeks monetary damages for himself, Pastranadavila, and Foster. (Doc. 1-1, Complaint at PageID 15). Plaintiff also seeks preliminary injunctive relief in the form of a temporary restraining order requiring that he be transferred to another prison and for "this prison to be condemned permanently and prospectively, because of the continuous disregard of Title II A.D.A. Regulations, fire marshal regulations, no sprinkler system, sanitation regulations, bugs and rodents in the units, mold etc., federal mail violations legal mail confidentiality, medical malpractice, excessive force claims, and all to demonstrate the value of the constitution and deter from violations of it." (Id.).

Plaintiff's complaint should be dismissed because it fails to state any claims upon which relief may be granted.

As an initial matter, to the extent plaintiff seeks to file a class action, plaintiff lacks "lacks standing to assert the constitutional rights of other prisoners" and is not permitted as a pro se litigant to bring a class action lawsuit concerning prison conditions. *See Dodson v. Wilkinson,* 304 F. App'x 434, 438 (6th Cir. 2008) (and cases cited therein); *see also White v. Kasich,* No. 2:12-cv-1125, 2013 WL 941440, at *10 (S.D. Ohio Mar. 8, 2013) (Deavers, M.J.) (Report & Recommendation) (explaining that the reason pro se prisoners are generally prohibited from bringing class actions is because they are unable to "adequately to represent the interests of the class"), *adopted,* 2013 WL 1281887 (S.D. Ohio Mar. 27, 2013) (Smith, J.); *Brown v. Collins,* No. 2:07-cv-826, 2008 WL 818793, at *2 (S.D. Ohio Mar. 24, 2008) (Kemp, M.J.; Frost, J.) (citing *Palasty v. Hawk,* 15 F. App'x 197, 200 (6th Cir. 2001)) (same); *Marcum v. Jones,* No. 1:06-cv-108, 2006 WL 543714, at *1 (S.D. Ohio Mar. 3, 2006) (Dlott, J.) (and cases cited therein) (holding that the pro se inmate "may bring his own claims to federal court without counsel, but not the claims of others"). Therefore, plaintiff's complaint should be limited to alleged violations of his own federal rights. *Cf. Dodson,* 304 F. App'x at 438.

Furthermore, to the extent that the Pastranadavila or Foster seek to join plaintiff in this action, they have not been granted leave to proceed *in forma pauperis* or paid the filing fee. In any event, as detailed above, the allegations set forth relating to Foster and Pastranadavila involve the actions of different SOCF employees, arise out of different transactions or occurrences, and involve distinct questions of law and fact. *See* Fed. R. Civ. P. 20(a)(1).[2] *See*

---

[2] Fed. R. Civ. P. 20(a)(1) allows permissive joinder of plaintiffs in a single action if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising of the same transaction, occurrence, or series

*also Crawford v. Prison Health Services*, No. 1:12-cv-409, 2012 WL 4740219, at *1 (W.D. Mich. Oct. 3, 2012) (noting that multiple plaintiffs cannot pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background giving rise to their "mutual" cause of action). Accordingly, if Foster or Pastranadavila wish to seek relief in this Court they may file their own complaint and seek leave to proceed *in forma pauperis* or pay the filing fee required to commence a civil suit. *See* Fed. R. Civ. P. 21.

Therefore, the undersigned will now turn to plaintiff's allegations in the complaint. As previously noted, plaintiff's complaint specifically indicates that defendants are being sued in their official capacity in this action.[3] However, to the extent that plaintiff alleges constitutional violations under § 1983, his claims against the State of Ohio must be dismissed. Any form of relief sought against a State in federal court is barred under the Eleventh Amendment unless the State has expressly waived its sovereign immunity. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Hamilton's Bogarts, Inc. v. Mich.*, 501 F.3d 644, 654 n.8 (6th Cir. 2007). Ohio has neither statutorily nor constitutionally waived its sovereign immunity in federal court. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) (citing *Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982)); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Thus, plaintiff's claims against the State of Ohio are barred by the Eleventh Amendment.

Plaintiff's official capacity claims against the named defendants (*see* Doc. 1-1, Complaint

---

of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

[3] Plaintiff has affirmatively pled that all of the defendants are sued in their official capacities. Therefore, the Court is not required to apply the "course of proceedings" test to determine whether an individual capacity claim has been pled. *See Moore v. Harriman*, 272 F.3d 769, 773 (6th Cir. 2001).

at PageID 15) must be dismissed to the extent that plaintiff seeks monetary damages under § 1983. An action against a state official in his or her official capacity is the equivalent of an action against the State he or she represents. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989). Therefore, all of the individual defendants in their official capacities are immune from suit to the extent that plaintiff seeks monetary damages.

Plaintiff also fails to state a claim for relief under the Americans with Disabilities Act. To establish disability discrimination under Title II of the ADA, plaintiff must prove: (1) he has a disability; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination solely on the basis of his disability. See *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003). Here, plaintiff has not alleged that he was deprived of the ability to use the phone, denied mental health treatment or medical care, or otherwise discriminated against on the basis of a disability. Plaintiff's allegation that he was wrongly denied mental health treatment does not provide a basis for relief under the ADA. See *Watson v. Mohr*, 2:17-cv-457, 2017 WL 6383812, at *5 (S.D. Ohio Dec. 14, 2017) (Report and Recommendation) (finding that a plaintiff failed to state a claim for relief under the ADA for the denial of medical treatment where the claim was merely an Eighth Amendment deliberate indifference claim in another statutory guise, noting that "[n]either medical treatment decisions nor medical malpractice . . . may form the basis of a claim under the ADA"). See also *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical

8

needs of its disabled prisoners. . . . The ADA does not create a remedy for medical malpractice."). In the absence of any allegation that plaintiff was discriminated against on the basis of a disability, his complaint fails to state a claim upon which relief may be granted under the ADA and should be dismissed.

Finally, plaintiff's request for injunctive relief in the form of a temporary restraining order or preliminary injunction should be denied. Plaintiff seeks a Court order requiring that he be transferred to an "A.D.A. accessible prison while this case is pending on the merits" and for the SOCF to be permanently and prospectively condemned. (Doc. 1-1, Complaint at PageID 15–16). Plaintiff's request for injunctive relief should be denied as he has failed to establish a substantial likelihood of success on the merits of his claims. *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 1/5/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTONIO BROWN,
    Plaintiff,

vs

STATE OF OHIO,
    Defendant.

Case No. 1:17-cv-764

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).